[Sac. No. 299.   Department Two.—April 9, 1898.]

## COUNTY OF MODOC, Appellant, v. JOHN MADDEN, as Treasurer, etc., Respondent.

COUNTY—GENERAL FUND—EXCESSIVE TRANSFER TO SALARY FUND—MANDA-MUS.—Under section 220 of the County Government Act of 1893, the county treasurer has only power to transfer from the general fund to the salary fund such an amount of money as was required to pay all salaries due or to become due at the end of the month in which the transfer was made. If he transfers more, the surplus still belongs to the general fund, and it is his official duty to retransfer the same to that fund without any order. Upon failure so to do, the board of supervisors, under the jurisdiction and power conferred upon it to "supervise the official conduct of all county officers," by section 25, subdivision 1, of the County Government Act, was authorized to pass an order requiring him to do so, and upon his refusal, to proceed against him by writ of mandate.

APPEAL from a judgment of the Superior Court of Lassen County. W. T. Martin, Judge.

The facts are stated in the opinion.

W. F. Fitzgerald, Attorney General, and John E. Raker, for Appellant.

Goodwin & Goodwin, for Respondent.

BELCHER, C.—Section 25, subdivision 20, of the County Government Act of 1893 (Stats. 1893, p. 346) provides that boards of supervisors have power, under such limitations and restrictions as are prescribed by law, "to establish a salary fund and also such other county funds as they may deem necessary for the proper transaction of the business of the county, and to transfer moneys from one fund to another, as the public interest may require."

Section 220 of the same act provides: "For the purpose of

paying the salaries provided for in this act, all fees directed to be paid into the county treasury shall be set apart therein as a separate fund, to be known as the salary fund, to be applied to the payment of said salaries. Should the amount received from such source be insufficient, it shall be the duty of the county treasurer from time to time to transfer to said fund from the general fund of the county such sums as may be necessary to pay said salaries as they become due."

And section 221 of the act provides: "The salaries of such officers named in this act as are entitled to salaries shall be paid monthly out of the county treasury; and it shall be the duty of the auditor, on the first Monday of each and every month, to draw his warrant upon the county treasurer in favor of each of said officers for the amount of salary due him under the provisions of this act for the preceding month. . . . . The treasurer shall pay said warrants on presentation out of the salary fund of the county treasury."

The salaries of all the county officers of the county of Modoc were regularly paid out of the salary fund of the county for all the months prior to June, 1895, but after paying them no money was left in that fund to pay the said salaries for the month of June. On the twenty-ninth day of June, 1895, the county treasurer transferred from the county general fund to the salary fund the sum of three thousand five hundred dollars and at the time of the transfer that sum of money was actually in the general fund, and was derived from the income and revenue of the fiscal year ending June 30, 1895. The said transfer was entered upon the books of the treasurer and county auditor, and from the money so transferred the treasurer paid all the warrants issued for salaries for the month of June. The warrants so paid aggregated the sum of fourteen hundred and thirty dollars and eighty cents, and after paying them there was still left in the salary fund, of the money so transferred, the sum of two thousand and sixty-nine dollars and twenty cents. At the same time there were other claims against the county, aggregating the sum of two thousand dollars, which had been duly presented to, approved, and allowed by the board of supervisors, and for which warrants had been drawn on the general fund. These warrants could only be paid out of the

income and revenue provided for the fiscal year ending June 30, 1895, and no money was left in that fund to pay them, and according to the estimates of the county auditor no more money would be paid into that fund from the income and revenue of the said fiscal year. If, therefore, the unused surplus of the money, transferred as aforesaid from the general fund to the salary fund, were not retransferred from the salary fund to the general fund, the said warrants could not be paid.

Under these circumstances the board of supervisors of the county, on July 16, 1895, duly made and entered of record the following order: "On motion, it is ordered that the county treasurer of Modoc county transfer from the county salary fund of said Modoc county all the surplus funds over and above a sum sufficient to pay all the salaries of the county officers of said Modoc county for the fiscal year ending June 30, 1895, to the county general fund, the same being money heretofore transferred by said treasurer from the county general fund to the salary fund, and, in case said treasurer so refuses to so transfer said money, it is ordered that the district attorney be and he is hereby instructed and directed by this board to bring immediate action against said treasurer and compel him to so transfer the said fund as herein ordered from the salary fund to the general fund, and that a certified copy of this motion and order be served on said county treasurer by the clerk of said board."

A certified copy of this order was duly served on the treasurer, and a demand was made that he make the transfer as directed, but he refused to transfer said money or any part thereof back to the general fund, or to make any record of such transfer. Thereupon the said county, by its district attorney, commenced this proceeding, alleging all the facts above set out, and "that after the twenty-ninth day of June, 1895, the board of supervisors of Modoc county transferred the said sum so remaining in the salary fund as aforesaid to the general fund of said Modoc county," and praying that an alternative writ of mandate be granted commanding the defendant as treasurer to forthwith make the transfer as directed, or that at a time and place specified by the court he show cause before the court why he has not retransferred said sum of money from the salary fund

to the general fund of the county, and why he should not be required and commanded so to do.

An alternative writ was granted, and the defendant then appeared and answered. The answer admitted, and after trial the court found, that all the facts alleged in the verified petition were true, except the averment above quoted, which was alleged and found to be untrue. The court then, as a conclusion of law, found that the plaintiff was not entitled to a peremptory writ of mandate, that its application for the writ should be dismissed, and that the alternative writ should be discharged. Judgment was accordingly so entered, and from that judgment the plaintiff has appealed.

Counsel for respondent say: "The point to be decided in this case is: Has the county treasurer authority to retransfer to the general fund money which he has previously transferred to the salary fund?" And, after quoting subdivision 20 of section 25 of the County Government Act of 1893, their only argument in support of the judgment is: "The power to transfer is vested in the board, but this does not imply the power to order some one else to perform the duty imposed by law upon the board. In this case the board orders the treasurer to make the transfer. This they had no power to do, and the treasurer was clearly right in refusing to attempt to comply with the order."

This argument, as applied to the facts of this case, is unsound: The defendant, as county treasurer, had no authority or right to transfer any money from the general fund to the salary fund, except such as was given him by the statute. (County Government Act, sec. 220.) By that statute he was authorized, if the money received from fees and paid into the salary fund should be insufficient to pay the salaries, "from time to time to transfer to said fund from the general fund of the county such sum as may be necessary to pay said salaries as they become due." He had, therefore, no right to transfer from the general fund to the salary fund the sum of three thousand five hundred dollars, when only fourteen hundred and thirty dollars and eighty cents was required to pay all the salaries due or to become due at the end of the month in which the transfer was made. The surplus not so required still belonged to the general fund, and it was the clear official duty of defendant to retrans-

fer the same to that fund without any order. As he failed to perform that duty, the board of supervisors, under the jurisdiction and power conferred upon it "to supervise the official conduct of all county officers" (County Government Act, sec. 25, subd. 1), was authorized to pass an order requiring him to perform that duty, and, if he failed to do so, to invoke the aid of the courts to compel its performance.

It follows that the judgment should be reversed and the cause remanded, with directions to the court below to enter judgment in the cause granting the plaintiff a peremptory writ of mandate and commanding the defendant to make the retransfer as prayed for, with all the necessary entries upon his books and records.

Haynes, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded, with directions to the court below to enter judgment in the cause granting the plaintiff a peremptory writ of mandate and commanding the defendant to make the retransfer as prayed for, with all the necessary entries upon his books and records.

McFarland, J., Temple, J., Henshaw, J.